UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:16-cv-110-RLV
(5:11-cr-44-RLV-1)

| | |
|---|---|
| BOBBY JERMELL DOBBINS, ) | |
| ) | |
|    Petitioner, ) | |
| ) | |
|    vs. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
|    Respondent. ) | |

**THIS MATTER** is before the Court upon Petitioner's Motion to hold this action in abeyance. (Doc. No. 3.) Petitioner is represented by the Federal Defenders of Western North Carolina.

On October 20, 2011, Petitioner pled guilty to possession of a firearm by a felon, in violation of 18 U.S.C. §922(g)(1). The presentence report found that he had two prior convictions that triggered an enhancement to his base offense level under U.S.S.G. § 2K2.1(a)(2): a 2002 North Carolina conviction for assault with a deadly weapon inflicting serious injury ("AWDWISI") and a 2003 North Carolina conviction for indecent liberties. (Mot. to Vacate 1-2, Doc. No. 1.)

On June 18, 2016, Petitioner commenced this action by filing a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. (Doc. No. 1.) Petitioner challenges the enhancement of his sentence under U.S.S.G. § 2K2.1(a)(4)(A). That provision applies to a defendant who committed his offense "subsequent to sustaining one felony conviction of either a crime of violence or a controlled substance offense." U.S.S.G. § 2K2.1(a)(4)(A). Petitioner contends that his prior North Carolina convictions for AWDWISI and indecent liberties are no

1

longer "crimes of violence" under the Guidelines in the light of the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015). That decision did not address the Guidelines but held that "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process." Johnson, 135 S. Ct. at 2563.

On December 19, 2016, Respondent filed the instant motion to hold these proceedings in abeyance pending the United States Supreme Court's decision in Beckles v. United States, No. 15-8544. (Doc. No. 4.) According to Respondent, Beckles presents questions that are relevant to, or dispositive of, Petitioner's Motion, including: whether Johnson's constitutional holding applies to the residual clause of the definition of "crime of violence" in the career-offender guideline found at U.S.S.G. § 4B1.2, and, if so, whether Johnson's invalidation of the residual clause of the career-offender guideline applies retroactively on collateral review. Section 2K2.1 does not define the term "crime of violence." Rather, it cross references U.S.S.G. § 4B1.2(a). See U.S.S.G. 2K2.1 n.1 (" 'Crime of violence' has the meaning given that term in § 4B1.2 (a) and Application Note 1 of the Commentary to § 4B1.2.").

According to Respondent, counsel for Petitioner does not oppose the Motion to hold this action in abeyance. (Mot. to Stay 2, Doc. No. 3.) For the reasons stated by Respondent, and without objection from Petitioner, the Court concludes that the motion should be granted.

**IT IS, THEREFORE, ORDERED** that Respondent's motion to hold Petitioner's § 2255 Motion to Vacate in abeyance (Doc. No. 3) is **GRANTED**.

**IT IS FURTHER ORDERED** that the above-captioned action is held in abeyance pending the Supreme Court's decision in Beckles v. United States, No. 15-8544. Respondent shall have 60 days from the date the Supreme Court issues its decision in Beckles to file an answer, motion, or other response to Petitioner's § 2255 Motion to Vacate.

**SO ORDERED.**

Signed: December 27, 2016

Richard L. Voorhees
United States District Judge