UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:16-cv-110-RLV
(5:11-cr-44-RLV-1)

| | |
|---|---|
| BOBBY JERMELL DOBBINS, ) ) Petitioner, ) ) vs. ) ) UNITED STATES OF AMERICA, ) ) Respondent. ) ) | **ORDER** |

**THIS MATTER** is before the Court upon court-appointed counsel's Amended Motion to Withdraw as Counsel (Doc. No. 8) and Motion to Seal (Doc. No. 9). The Court will grant the Motion to Seal the Amended Motion to Withdraw because the latter discloses privileged attorney-client communications. Additionally, the Court finds that, in accordance with the Western District of North Carolina's Local Civil Rule 83.1(f), counsel has shown good cause to withdraw. Accordingly, the Court will grant the Amended Motion to Withdraw as Counsel.

The Government has filed a Motion to Dismiss Petitioner's Motion to Vacate, Set Aside or Correct Sentence, 28 U.S.C. § 2255. (Doc. No. 5.) In his Motion to Vacate, Petitioner claims his sentence under the career-offender provision of the United States Sentencing Guidelines is invalid in light of the holding in United States v. Johnson, 135 S. Ct. 2551 (2015). The Government contends that Petitioner's claim is foreclosed by the Supreme Court's recent decision in Beckles v. United States, 137 S. Ct. 886 (2017). In Beckles, the Supreme Court held that "the advisory [Sentencing] Guidelines are not subject to vagueness challenges under the Due Process Clause." Id. at 890. As Petitioner is now proceeding without counsel, the Court shall provide him notice of his rights and obligations related to the Government's Motion to Dismiss

1

and of his opportunity to take a voluntary dismissal without prejudice.

**Roseboro Notice**

Petitioner may respond to the Government's Motion to Dismiss, if he so wishes. See Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). Any response must be filed with the Court within 30 days of the issuance of this Order, and Petitioner must mail a copy of his response to counsel for the Government. Failure to respond or take other action (as discussed below) may result in the Court granting the Government's Motion to Dismiss without further notice.

**Voluntary Dismissal**

Petitioner may voluntarily dismiss his § 2255 Motion without prejudice by filing a Notice of Voluntary Dismissal in this Court under Rule 41 of the Federal Rules of Civil Procedure.[1] A Notice of Voluntary Dismissal would end this case without the Court reaching the merits of the Motion to Vacate or the Government's Motion to Dismiss. See Jackson v. United States, 245 F. App'x. 258 (4th Cir. 2007).

Should the Court reach the merits in this case, an unfavorable decision would have consequences for any future attempt by Petitioner to obtain habeas relief. A subsequent attempt to obtain habeas relief in federal district court would be considered a "successive" habeas action. Prisoners are prohibited from filing successive habeas actions in federal district court without

---

[1] Rule 41(a)(1), Fed. R. Civ. P., provides as follows:

   (A) Without a Court Order. Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:

   (i) notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or

   (ii) a stipulation of dismissal signed by all parties who have appeared.

   (B) Effect. Unless the notice or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.

first obtaining permission from the appropriate federal court of appeals.  See 28 U.S.C. §§ 2244(b)(3)(A) and 2255(h).  Once this Court enters a judgment in this case, Petitioner will no longer have the option to file a Notice of Voluntary Dismissal.

**IT IS HEREBY ORDERED** that:

1. The Amended Motion to Withdraw as Counsel (Doc. No. 8) is **GRANTED**;

2. The Motion to Seal the Amended Motion to Withdraw as Counsel (Doc. No. 9) is **GRANTED**;

3. Counsel is relieved from further representation of Petitioner in this action;

4. Petitioner shall have 30 days from entrance of this Order to file a response to the Government's Motion to Dismiss; and

5. The Clerk of Court is directed to mail a copy of the Government's Motion to Dismiss (Doc. No. 5), along with a copy of this Order, to Petitioner at his place of confinement.

Signed: May 23, 2017

Richard L. Voorhees
United States District Judge