UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:16-cv-00110-RJC
(5:11-cr-00044-RJC-1)

| | |
|---|---|
| BOBBY JERMELL DOBBINS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court upon the Government's Motion to Dismiss (Doc. No. 5) Petitioner Bobby Jermell Dobbins's 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence (Doc. No. 1). Dobbins seeks relief under <u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015).

I. **BACKGROUND**

On October 20, 2011, Dobbins pled guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §922(g)(1). Plea, Doc. No. 11; Accept. and Entry of Guilty Plea, Doc. 12.[1] The probation office prepared a presentence report ("PSR"), recommending Dobbins's base offense level be enhanced under United States Sentencing Guidelines ("U.S.S.G.") § 2K2.1(a)(2), in light of his 2002 North Carolina conviction for assault with a deadly weapon inflicting serious injury ("AWDWISI") and 2003 North Carolina conviction for taking indecent liberties with a child. PSR ¶¶ 15, 33, 34, Doc. No. 19.

Based on the § 2K2.1 enhancement, Dobbins faced a Guidelines range of 92 to 115

---

[1] Unless otherwise indicated, documents cited within parentheses are from the instant civil case, and documents cited without parentheses are from the underlying criminal proceeding: <u>United States v. Dobbins</u>, 5:11-cr-00044-RJC-1 (N.C.W.D.).

months.  PSR ¶ 60.  On February 4, 2013, this Court sentenced Dobbins to 115 months in prison.  J., Doc. No. 22.  Judgment was entered on February 14, 2013.  Id.

Dobbins commenced this action on June 18, 2016, by filing a § 2255 Motion to Vacate. (Doc. No. 1.)  He challenges the enhancement of his sentence under U.S.S.G. § 2K2.1(a)(2).  That provision applies to a defendant who committed his offense "subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense."  § 2K2.1(a)(2).  Dobbins contends that his prior convictions for AWDWISI and indecent liberties are no longer "crimes of violence" under the Guidelines in the light of the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015).

At the Government's request, and without opposition from Dobbins, the Court stayed this action on December 27, 2016, pending the United States Supreme Court's resolution of Beckles v. United States.  (Doc. No. 4.)  Beckles has been decided, 137 S. Ct. 886 (2017), and the Government has filed a Motion to Dismiss this § 2255 action based on that decision (Doc. No. 5).

Thereafter, Dobbins's court-appointed counsel moved to withdraw from representation (Doc. No. 8).  The Court granted counsel's amended motion to withdraw and issued an Order advising Dobbins of his ability to withdraw his § 2255 Motion without prejudice, or respond to the Government's Motion to Dismiss by June 23, 2017.  (Doc. No. 10).  Dobbins has neither moved to withdraw the § 2255 Motion to Vacate nor responded to the Government's Motion to Dismiss.

## II.    STANDARD OF REVIEW

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of an action based upon a "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  To state a viable claim for relief under § 2255, a petitioner must prove that: (1) the

sentence imposed "violat[ed] . . . the Constitution or laws of the United States;" (2) "the court was without jurisdiction to impose such a sentence;" or (3) "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). After examining the record in this matter, the Court finds this action can be resolved based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

### III. DISCUSSION

Johnson announced that the residual clause of the Armed Career Criminal Act's ("ACCA") definition of "violent felony" is void for vagueness, and that holding recognizes a retroactively applicable right. See Welch v. United States, 136 S. Ct. 1257, 1265 (2016). Johnson addresses only the ACCA's residual clause, however, and "does not call into question application of the Act to the four enumerated offenses, or to the remainder of the Act's definition of a violent felony." Johnson, 135 S. Ct. at 2563.[1]

Nor does Johnson apply to the advisory Sentencing Guidelines, because "the Guidelines are not amenable to a vagueness challenge." Beckles, 137 S. Ct. at 894. Because Johnson does not apply to the Sentencing Guidelines, Dobbins's § 2255 Motion to Vacate is time-barred and without merit. See 28 U.S.C. § 2255(f)(3); Beckles, 137 S. Ct. at 894; United States v. Brown, 868 F.3d 297, 303 (4th Cir. 2017) (holding that Johnson did not recognize the right the defendant asserted—to have his guidelines range calculated without the sentencing guidelines' residual clause—and therefore § 2255(f)(3) did not re-start his time to file his motion to vacate).

### IV. CONCLUSION

Petitioner has failed to state a claim upon which habeas relief may be granted under

---

[1] The ACCA defines a "violent felony" as any felony that: "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another [(the "force" clause)]; or (ii) is burglary, arson, or extortion, involves use of explosives [(the "enumerated offense" clause)] , or otherwise involves conduct that presents a serious potential risk of physical injury to another [(the "residual" clause)]." 18 U.S.C.A. § 924(e)(2)(B).

3

Johnson.  Accordingly, the Government's Motion to Dismiss shall be granted, and the Motion to Vacate shall be dismissed with prejudice.

**IT IS, THEREFORE, ORDERED** that:

1. The Government's Motion to Dismiss (Doc. No. 5) is **GRANTED**;

2. The Motion to Vacate, Set Aside or Correct Sentence, pursuant to 28 U.S.C. § 2255 (Doc. No. 1), is **DISMISSED with prejudice**; and

3. Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings in the United States District Courts, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: June 15, 2018

Robert J. Conrad, Jr.
United States District Judge